Dear Representative Billy:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a municipal police officer, who is a city council member of another city, qualify for exemption from the dual office holding prohibition under 51 O.S. Supp. 2005, § 6[51-6](A)(5), which allows a person holding a municipal office or position to be a member of a board that "relates to . . . municipal government . . . except where the duties of the offices or positions conflict"?
Your question involves interpretation of Oklahoma's statutory prohibition against dual office holding, 51 O.S. Supp. 2005, § 6[51-6](A), the list of exemptions contained within that statute and other municipal law statutes.
 INTRODUCTION
Title 51 O.S. Supp. 2005, § 6[51-6](A) precludes an individual from holding two or more offices simultaneously under the laws of the State. This is not an absolute prohibition, however, as it is prefaced with the exception "[e]xcept as may be otherwise provided." Id. Furthermore, by its express terms the section does not apply to a municipal officer who is appointed to a board or commission that relates to municipal government except where the duties of the offices or positions conflict. Id. § 6(A)(5).
 OKLAHOMA'S PROHIBITION AGAINST DUAL OFFICE HOLDING
You ask whether there is an exemption under 51 O.S. Supp. 2005, § 6[51-6](A)(5) to the prohibition against dual office holding for a municipal police officer to hold a position on the city council of another municipality. Generally, an office holder is prohibited from concurrently holding two offices. Title 51 O.S. Supp. 2005, § 6[51-6], generally prohibits municipal officers from holding other municipal offices. That statute in pertinent part provides:
 A. Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during the person's term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
Id.
 THE DEFINITION OF THE TERM "OFFICER"
Your inquiry involves a police officer in one municipality who is also a city council member of another municipality. In GuthrieDaily Leader v. Cameron, 41 P. 635 (syllabus ¶ 1) (Okla. 1895), the Oklahoma Territorial Supreme Court defined public office as follows:
 A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, either executive, legislative, or judicial, to be exercised for the benefit of the public; and unless the powers conferred are of this nature the individual is not a public officer.
Id.
It is well-established Oklahoma law that both positions in your inquiry are "offices" under the provisions of 51 O.S. Supp. 2005, § 6[51-6](A)(5). A municipal police officer holds an "office" within the meaning of the dual office holding statute. A.G. Opin. 77-180, at 123, 125. The position of city council member is also an "office" within the meaning of the dual office holding statute. A.G. Opin. 81-42, at 78.
 EXCEPTIONS TO THE DUAL OFFICE HOLDING PROHIBITION
The Legislature has codified 26 exceptions to the dual office holding prohibition, including the one mentioned in your request.See 51 O.S. Supp. 2005, § 6[51-6](A). The exemption in paragraph 5 (unchanged since 1990) of that statute provides that the dual office holding statute shall not apply to:
 Any person holding a county or municipal office or position, or membership on any public trust authority, who is a member of a board or commission that relates to federal, state, county or municipal government and is created by the United States Government, the State of Oklahoma or a political subdivision of the state, except where the duties of the offices or positions conflict[.]
Id. (emphasis added.)
You ask whether a municipal police officer may serve on the city council of another municipality. The answer to your inquiry turns upon the meaning of the phrase "who is a member of a board or commission that relates to federal, state, county or municipal government." Id.
 DEFINING "RELATES" TO MUNICIPAL GOVERNMENT
Attorney General Opinion 83-105 examined the dual office holding statute, 51 O.S. 1981, § 6[51-6], and the exemption "that relates to municipal government . . . except where the duties of the offices or positions conflict," the predecessor language to our present statute. A.G. Opin. 83-105, at 155. That Opinion involved the question of whether a city council member could serve on the Grand River Dam Authority Board of Directors, a state agency.Id. at 154. The Opinion cited Black's Law Dictionary 1452 (rev. 4th ed. 1968), which defined the word "relate" as "[t]o stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with[.]"Id. at 155. In that Opinion, the powers and duties of the Grand River Dam Authority Board of Directors ("GRDA") were examined to see how they related to municipal government. Id. at 156-57. The GRDA was authorized to enter into interlocal agreements with municipalities for the purpose of operating and maintaining undivided ownerships of electric generating plants and facilities for the production, generation, and transmission of electric power and energy. Id. at 156. Other provisions authorized GRDA to acquire property and maintain projects in conjunction or jointly with municipalities. Id. Attorney General Opinion 83-105 concluded that "the functions of the Grand River Dam Authority `relate' to municipal government. A municipal officer who is also a member of the Board of Directors of the Grand River Dam Authority has that kind of position which Title 51 O.S. 1981, § 6[51-6] exempts from its prohibition against dual office holding."Id. at 157.
In comparison, the factual situation in your inquiry involves two municipal offices. A municipal police officer is an officer for dual office holding purposes. A member of a city council is not merely "related" to municipal government, but is a municipal office for dual office holding purposes too, and the exception does not apply. Thus, a municipal police officer who is also a city council member of another municipality does not qualify for exemption from the dual office holding prohibition under 51 O.S. Supp. 2005, § 6[51-6](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. A municipal police officer holds a public office as contemplated by the dual office holding prohibition. 51 O.S. Supp. 2005, § 6[51-6](A); A.G. Opin. 77-180, at 123, 125.
 2. A member of a city council holds a public office as contemplated by the dual office holding prohibition. 51 O.S. Supp. 2005, § 6[51-6](A); A.G. Opin. 81-42, at 78.
 3. The dual office holding prohibition, 51 O.S. Supp. 2005, § 6[51-6](A) does not provide an exception for a municipal police officer to simultaneously serve as a city council member of another city.
W.A. DREW EDMONDSON Attorney General of Oklahoma
GLEN D. HAMMONDS Assistant Attorney General